WATSON, Judge.
This is an expropriation case, in which the Department of Highways has appealed, contending that the value assigned to defendant’s land by the trial court is excessive and that there is no basis for the award of severance damages. Defendant, Leroy Olivier, has answered the appeal, asking for an increase in the amount awarded. The facts and pertinent evidence are well-presented in the trial court’s reasons for judgment, as follows:
“Leroy Olivier ... is the owner of a certain tract of land in the L’Anse aux Pailles Community of Evangeline Parish, located at the intersection of La. Highway Nos. 104 and 1167, about six miles southeast of the City of Ville Platte.
“The site originally contained 0.83 acres and was reduced to 0.53 acres as a result of the taking. 0.30 acres of land was taken by the State. This consisting of a strip of land fronting on Highway 104 along the West end measuring a distance of 95 feet and along the East end a distance of 25 feet. A total of 120 feet of frontage of defendant, Leroy Olivier’s property along Highway 104 was taken. In addition, a strip of land 15 to 20 feet wide was taken to a point measuring 80' X 50' on the Northern side of defendant’s tract reducing the frontage on Highway 1167 from 260 feet to 180 feet. In addition, along the Eastern boundary a strip of 25 feet wide was taken all along the Eastern boundary reducing that frontage by 150 feet. Almost 40% per cent of the property was taken.
“The Department of Highways deposited the sum of $326.00 in the Registry of the Court.
“The matter was heard on February 16, 1978.
“The issues for resolution in this case are:
1. The value of the property expropriated; and
2. The amount of severance damages, if any, to which the defendant is entitled.
“Leroy Olivier, the owner of this tract of land, has been a country storekeeper for about 25 years. He formerly owned and operated a general merchandise store almost immediately across the road from the land in question. He decided to build a new store building on this triangular shaped piece of land as he found it more suitable and convenient. Mr. Olivier testified that he had also intended to build a filling station and welding shop, but that after the taking of his land by the Department of Highways, was unable to do so as the tract of land was now not large enough for that purpose. He did build a concrete block building to use as his store building, and presently operates his store there.
“The Department of Highways called Mr. Stanley Tiger as an expert appraiser. Mr. Tiger testified that when he first viewed the site in October, 1974, it was vacant and there were no improvements thereon. At that time it was covered with grass and weeds.
“He testified that, in his opinion, the highest and best use of the property was for a rural homesite, or rural commercial. He looked for comparable sales in the area, and located 15, but relied particularly on six of them. These six were all within two miles or so from the Olivier property, .
“Comparable Sale No. 1 is a 22 acre tract of land with improvements which sold for $21,000.00. Mr. Tiger estimated the value of the land above at $682.00 per acre. It is located on a gravel road.
“Comparable Sale No. 2 concerns a 32 acre tract of land, with improvements, and Mr. Tiger estimated the value of the land at $516.00 per acre. It is located on a secondary parish gravel road.
“Comparable Sale No. 3 is a 20 arpent tract of land with improvements. Mr. Tiger estimates the value of the land at $650.12 per acre. It is located on a parish blacktop road.
“Comparable Sale No. 4 is a 9.95 acre tract of vacant land. Mr. Tiger estimates it at $1,000.00 per acre, the amount of the sale. It is not located on a public road but must be reached through a third person’s property, or by a private lane.
*1166 “Comparable Sale No. 5 consists of a one-half acre vacant lot which sold for $500.00. Mr. Tiger places the value at $1,000.00 per acre. It was located on a gravel road at the time of the purchase.
“Comparable Sale No. 6 consists of a one-half acre vacant lot which sold for $500.00. Mr. Tiger places the value at $1,000.00 per acre. It was also located on a gravel road at the time of the purchase.
“According to Mr. Tiger, the highest and best use of these six tracts of land were for rural residential homesites, or in some cases, for pasture land.
“He also has in his appraisal report nine additional supplementary sales but they were not given as much weight by Mr. Tiger as the six above-mentioned sales. In these sales the price range is from $217.00 per acre to $1,667.00 per acre, and the properties vary in size from 2.89 acres to 454.48 acres.
“Incidentally, of the six comparable sales relied on by Mr. Tiger, five were executed in 1973 and one in 1974, and of the nine supplementary sales, eight were executed in 1973, and one in 1974.
“Mr. Tiger assigns a value of $1,200.00 per acre to Mr. Olivier’s property before the taking. He places a value of $192.00 on parcel No. 1-3, which consists of 0.16 acres; and $168.00 on parcel No. 1-3-D-l, which consists of 0.14 acres; or a total of $360.00 for the value of the land taken.
“He considers that there was no severance damage to the remainder of the property.
“He also testified that there was no inflationary trend, and no major fluctuations in value, and consequently, did not take this into consideration, or make adjustments in value, in estimating the property.
“Mr. Richard Reed, the owner of an insurance agency, and a Real Estate Broker, who lives in Mamou, Louisiana, testified as an expert appraiser in behalf of the defendant.
“He visited the site in question before and after the taking. He obtained two comparables. He took into consideration the location of the property which he calls ‘a unique tract’ in that it is located at an intersection where there is much traffic, and is situated in a very thickly populated area. He testified that, in his opinion, the highest and best use of the property was rural commercial, and not rural residential.
“Mr. Reed could not find comparable sales in the immediate vicinity, or anywhere nearby, and the two comparable sales he used were of property located about 12 or 14 miles from the Olivier property, near the intersection of La. Highway No. 10 and La. Highway No. 13 in a rural area very near the center of Evangeline Parish.
“His comparable No. 1 is for a tract of land consisting of a little more than half an acre of land. This sale took place in 1974. The consideration was $18,000.00 with improvements. Mr. Reed estimated the value of the land $12,000.00. Comparable No. 2 is a lot of land 50 by 121 feet, and Mr. Reed places a value on the land of $5,500.00. The sale was in 1972.
“He testified that the value of land has gone up about 10% since 1972.
“To sum up his testimony, using his com-parables and experience, he places a value on Olivier’s property of $24,000.00 per acre, which would be $19,920.00 which he rounds off at $20,000.00. He estimates the part taken at $7,200.00, and the severance damage at $5,609.00, or a total of $12,809.00.
“He testified that the property was damaged by the taking, and for many reasons, it is now less desirable as a commercial site. On the reduction of the site, as a result of the taking, Mr. Reed said, “It’s got to be bad.”
“The attorney for Olivier requested the Court to view the property in question; and the attorney for the Department of Highways requested the Court to view and observe every intersection on La. 104 from the St. Landry Parish line westward to its intersection about eight miles west with La. 29. The Court has done so.
“There are two state routes that intersect with La. 104 along this stretch of road. *1167 They are La. 1166 and La. 1165. However, there are no comparable or like intersection such as La. 104 and La. 1167, on that section of La. 104. It may be observed that the only grocery store, indeed the only business establishment on La. 104 from the St. Landry Parish Line to La. 29, is Mr. Olivier’s store.
“As almost invariably happens in expropriation cases, there is a direct conflict between the opinion of the experts, and in this case it is irreconcilable.
“In the Court’s opinion, Mr. Tiger places an extraordinarily low value on the property, and Mr. Reed too high a value. It thus becomes necessary to fix a valuation on the property taken, and on the severance damage which will be fair and equitable to both parties.
The Court makes the following findings of fact:
1. The highest and best use of the tract of land in question was for rural commercial.
2. The property was damaged by the taking.
“After a very careful review of the pleadings, evidence, and briefs filed herein, the Court finds that the value of the property prior to the taking was worth $12,000.00 per acre, which gives a value to Olivier’s property of $9,960.00, which the Court rounds off at $10,000.00.
“Accordingly, the Court will award the defendant landowner the sum of $3,600.00 for the part taken, and the additional sum of $2,804.50 for damages to the remainder caused by the taking, plus interest from June 17, 1975, until paid, and for all costs.
“The fee of the expert witness, Richard Reed, is fixed at $300.00, and taxed as costs. Plaintiff is entitled to credit for the amount deposited. (TR. 43 — 48).”
The trial court found it necessary to reject the appraisal conclusions of Mr. Tiger and to modify the appraisal conclusions of Mr. Reed. In this endeavor, the court viewed the property in question and other property in the area and concluded that a fair and reasonable allowance for the value of the subject property was on the basis of $12,000 an acre, representing 50% of the value assigned by Mr. Reed. The court apparently concluded that the comparables located at the intersection of Highways 10 and 13 had a value twice as high as that of the subject property. Thus the court awarded the sum of $3,600 for the land taken. The award does not represent an abuse of discretion and is neither excessive nor inadequate.
A more difficult question arises with reference to the severance damages. A careful reading of the testimony of Mr. Reed, the landowner’s expert, and a careful study of the trial court’s opinion does not reflect any sound legal basis for an award of severance damages. There is no evidence of a different market value for Mr. Olivier’s remaining property before and after the taking. State Dept, of Highways v. Gormley, 357 So.2d 859 (La.App. 3 Cir. 1978). Since there is no basis for calculating this item of damages, we must reverse that portion of the judgment.
Therefore, the award in favor of Leroy Olivier and against the State of Louisiana, through the Department of Highways, in the amount of $3,600, representing compensation for the land taken is affirmed, but the award of $2,804.50 for severance damages is reversed. The State is, of course, entitled to a credit for the deposit.
Costs insofar as allowed by law are taxed against the State of Louisiana.
AFFIRMED IN PART AND REVERSED IN PART.